IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>　Edna Rutherford,<br><br>　Debtor | Case No 15-12173<br><br>Judge Carol A. Doyle<br><br>Chapter 13<br><br>Trustee – Tom Vaughn |
| Edna Rutherford,<br><br>　Plaintiff,<br><br>v.<br><br>Cavalry SPV I, LLC,<br><br>　Defendant. | Adversary Proceeding No.<br><br>_____ |

## COMPLAINT TO RECOVER DAMAGES FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

### Preliminary Statement

1. This is a complaint to recover damages for defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

### Jurisdiction, Venue and Standing

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case, *In re Edna Rutherford,* Case No. 15-bk-12173, filed on April 3, 2015, and presently pending before this Court.

3. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(B) & (O).

4. If this proceeding is found not to be a core proceeding, it is a related proceeding and this court has jurisdiction pursuant to 28 U.S.C. § 1334. Plaintiff consents to the entry of a final order in this proceeding by the bankruptcy judge.

5. Venue is proper in this district under 28 U.S.C. § 1409(a).

## Parties

6. Plaintiff, Edna Rutherford (also referred to herein as "Debtor" or "Ms. Rutherford") resides at 8954 S. Justine, Chicago, Illinois, 60620.

7. Defendant Cavalry SPV I, LLC (also referred to herein as "Creditor" or "Cavalry") is a Delaware limited liability company licensed to do business in the state of Illinois. It is a creditor of Ms. Rutherford.

## Statement of Facts

8. Ms. Rutherford secured a Lowes credit card in the early to mid-2000's and used it to make consumer purchases.

9. Cavalry, a debt buyer, subsequently acquired the rights to collect the debt owed on the subject credit card account.

10. Cavalry is a national debt collector which buys credit accounts supported by nominal documentation. It buys these accounts, after they have gone into default, for pennies on the dollar, and then seeks to collect on those accounts.

11. Cavalry allegedly bought the rights to Ms. Rutherford's credit card account at some point after 2008.

12. Plaintiff filed her chapter 13 petition on April 3, 2015.

13. Cavalry filed a Proof of Claim against Ms. Rutherford on April 20, 2015. Exhibit A. In its Proof of Claim, Cavalry alleges that it acquired Ms. Rutherford's credit card debt and is entitled to collect $784.63 on the account.

14. According to its Proof of Claim, the last transaction and the last payment on the account occurred on July 18, 2008, and the account was charged off on February 16, 2009.

15. When it filed its proof of claim, Cavalry had sufficient information to know that its claim was filed beyond the statute of limitations.

16. Plaintiff agrees that she has not used or paid on the account since July 18, 2008, at the latest.

17. In connection with the subject credit card account, Ms. Rutherford is a "consumer" as defined by the FDCPA. 15 U.S.C. § 1692a(3).

18. In connection with the subject credit card account, Cavalry is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

## Objections to Proof of Claims

19. Payment on a proof of claim is automatically allowed unless an objection is filed and sustained by the bankruptcy court.

20. During the time since Cavalry filed its proof of claim and before this adversary complaint was filed, the assigned Chapter 13 Trustee, Tom Vaughn ("Trustee Vaughn"), did not object to Cavalry's proof of claim.

21. Cavalry is a general unsecured creditor ("GUC").

22. Trustee Vaughn does not typically object to proof of claims filed by general unsecured creditors ("GUCs"), other than to object to claims filed beyond the deadline set by the bankruptcy rules.

23. Chapter 13 Trustees do not typically object to proof of claims filed by GUCs, other than to object to claims filed beyond the deadline set by the bankruptcy rules.

24. Debtors' attorneys do not typically object to proof of claims filed by GUCs unless the result will be to substantially reduce the payments made to the Chapter 13 Trustee.

### Violation of Fair Debt Collection Practices Act

25. In Illinois, collection on a credit card account is subject to a five-year statute of limitations. *Portfolio Acquisitions v. Feltman*, 391 Ill.App.3d 642 (1st Dist. 2009).

26. In Illinois, a debt collector cannot legally sue to enforce a credit card debt more than five years after the date of default.

27. Filing a Proof of Claim on a stale debt (one that can no longer be enforced due to the expiration of the statute of limitations) violates numerous provisions of the FDCPA. *Crawford v. LVNV Funding*, 2014 WL 3361226 (11th Cir. July 10, 2014).

28. In Illinois, a debt collector cannot legally file a Proof of Claim in bankruptcy asserting a debt owed on a credit card account which is more than five years in default.

29. When Debtor filed his petition the debt allegedly owned by Cavalry was a stale debt.

30. Cavalry filed a Proof of Claim in Ms. Rutherford's bankruptcy more than five years after the date of default.

31. The filing of this Proof of Claim violates numerous provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, including but not limited to prohibitions against misrepresenting the "legal status" of a debt, the false "threat to take action that cannot legally be taken" to collect a debt, and the use of "deceptive means to collect or attempt to collect a debt." 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B)(5), 1692e(2)(B)(10), and 1692f.

32.    Cavalry routinely files Proofs of Claim seeking to enforce debts which are stale due to the expiration of the applicable statute of limitations.

33.    FDCPA liability is measured by an objective standard which asks whether the targeted conduct is unfair, unconscionable or deceptive from the perspective of an unsophisticated consumer.

34.    Regardless of the harm caused to any given individual debtor, filing a proof of claim on a stale debt is unfair, unconscionable, or deceptive under the FDCPA because the allowance of a stale proof of claim will:

   a.    Result in more money being paid by a debtor who must fund a 100% plan;

   b.    Result in more money being paid by a debtor whose payment on a stale debt leaves less money to pay priority or other nondischargeable debt;

   c.    Result in more money being owed by a debtor to the creditors of non-stale debts if a plan is not completed, where the debtor was paying money on a stale debt during the pendency of the plan (and thus paying proportionately less money to the creditors of non-stale debts).

35.    In addition, the allowance of a stale claim will typically mean that other GUCs filing non-stale proofs of claim are paid less, thereby undermining one of the stated goals of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. §1692(e).

36.    Violations of the FDCPA subject the offending debt collector to actual damages, statutory damages not exceeding $1,000, and reasonable attorney's fees and costs.

WHEREFORE, Ms. Rutherford prays that the court enter judgment:

      a.      in favor of Plaintiff Edna Rutherford and against Defendant Cavalry, awarding her statutory damages of $1,000.00, plus any actual damages that may be proved at trial, including but not limited to any sums paid to Cavalry by the Trustee;

      b.      awarding Plaintiff costs and a reasonable attorney's fee; and

      c.      granting such other, further and different relief as may be just and proper.

                                          */s/ Barbara Richardson*
                                          Barbara Richardson

Barbara Richardson  
Attorney for Plaintiff-Debtor  
ARDC ID# 6205307  
LAF  
120 S. LaSalle Street, Suite 900  
Chicago, IL 60603  
Phone: 312/347-8343